IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Hangzhou Yuanzu Technology Co., Ltd.

    Plaintiff,

v.

The Partnerships and Unincorporated
Associations Identified on Schedule A,

    Defendants.

Case No.: 1:25-cv-14878

**COMPLAINT**

Plaintiff, Hangzhou Yuanzu Technology Co., Ltd. ("Yuanzu"), by the undersigned counsel, brings this action against the Partnerships and Unincorporated Associations identified on Schedule A ("Defendants") and allege as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over this action pursuant to 17 U.S.C. § 101 et seq., 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a)-(b).

2. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District and Defendants conduct business in this District.

3. This Court has personal jurisdiction over Defendants because each Defendant targets U.S. consumers, including Illinois residents, by operating fully interactive commercial online stores through which Illinois residents can purchase products embodying the Boot Flower Works. At least one Defendant made at least one sale of an infringing product to an address in the Northern District of Illinois, thereby purposefully availing themselves of this forum.

4. Defendants have intentionally directed commercial activities toward Illinois by

1

offering for sale and selling infringing products to Illinois residents, including by providing shipping to Illinois, accepting payment in U.S. dollars, and completing sales to Illinois addresses.

5. Each Defendant has committed acts of copyright infringement and caused injury to Plaintiff in Illinois and in this District.

6. In the alternative, this Court has personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2) because Plaintiff's claims arise under federal copyright law, Defendants are not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the Constitution and laws of the United States.

7. Upon information and belief, Defendants reside in foreign jurisdictions, primarily the People's Republic of China, operate anonymous online marketplace accounts, and utilize foreign financial accounts to receive and rapidly transfer funds, making it difficult to enforce U.S. judgment remedies and necessitating immediate injunctive relief, including asset restraints, to prevent irreparable harm.

## INTRODUCTION

8. Plaintiff, Yuanzu, is the owner of multiple original pictorial and/or graphic works of authorship consisting of floral artwork and patterns created for application on fashion boots (the "Boot Flower Works"). The Boot Flower Works were created in 2023 and are registered with the U.S. Copyright Office under Registration Nos. VAu 1-540-190, VAu 1-540-196, and VAu 1-553-039 (the "Registrations"), each of which covers a group of ten pictorial and/or graphic works and identifies Plaintiff as the author and claimant. The Registrations are valid, subsisting, and in full force and effect. Each Registration predates the acts of infringement alleged in this Complaint. True and correct copies of the registration certificates are attached as **Exhibit 1**.

9. This action has been filed by Plaintiff to combat online copyright infringers who

trade upon Plaintiff's reputation, goodwill, and valuable copyrighted works. Defendants are offering for sale and selling unauthorized products that embody unauthorized copies and/or derivative works of the Boot Flower Works.

10. In an effort to unlawfully profit from the protected works, Defendants have created and operated numerous online storefronts (the "Defendant Internet Stores") and designed those storefronts to appear legitimate to consumers.

11. The Defendant Internet Stores share unique identifiers, such as such as the same product images of boots bearing the Boot Flower Works, substantially identical product titles and descriptions, and similar pricing and store layouts, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same series of transactions or occurrences. Defendants conceal their identities, utilize false addresses and foreign financial accounts, and rapidly transfer assets to evade enforcement. Plaintiff has been and continues to be irreparably harmed through loss of control over its copyrighted works, damage to goodwill, consumer confusion, and the inability to license and control the quality of products in the marketplace. Plaintiff seeks injunctive and monetary relief.

## THE PLAINTIFF

12. Plaintiff, Yuanzu, is a company organized under the laws of the People's Republic of China with its principal place of business in Hangzhou, China.

13. Plaintiff is engaged in the design, development, and sale of fashion boots bearing distinctive floral artwork and patterns. Plaintiff's business includes creating original floral pattern designs, applying those designs to boots and related products, and selling such products to customers worldwide, including in the United States.

14. Plaintiff has invested substantial time, effort, creative skill, and financial resources in developing and commercializing the Boot Flower Works and the products that

3

incorporate those works. Plaintiff has also invested substantial resources in marketing, advertising, and promoting its products featuring the Boot Flower Works, including through its own online store and sales channels.

15. Plaintiff sells boots incorporating the Boot Flower Works through various sales channels, including an official store for its products on the Temu.com platform (the "Official Store"). Product listings on the Official Store feature Plaintiff's own original product photographs of boots incorporating the Boot Flower Works.

16. As a result of Plaintiff's efforts, products incorporating the Boot Flower Works, and the associated product images used in Plaintiff's listings, have become associated with Plaintiff and are recognized by consumers as originating from Plaintiff.

## THE DEFENDANTS AND THE DEFENDANTS' UNLAWFUL CONDUCT

17. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business through fully interactive commercial online marketplace accounts and storefronts listed in Schedule A. Each Defendant targets U.S. consumers, including within Illinois and in this judicial district, by advertising, offering to sell, and selling products that embody unauthorized copies of the Boot Flower Works.

18. The true identities of Defendants are unknown to Plaintiff. Defendants conceal their identities through the use of aliases, unregistered business names, false contact information, and offshore fulfillment and payment-processing channels. Defendants operate anonymously and deliberately frustrate enforcement by avoiding traditional means of identification and service. Plaintiff will amend this Complaint when Defendants' true identities are ascertained.

19. Upon information and belief, Defendants have created and operated numerous online marketplace storefronts to offer and sell infringing and unauthorized copies of Plaintiff's

4

copyrighted works. Defendants design and present their storefronts to appear legitimate to consumers, thereby misleading purchasers into believing they are purchasing authorized products.

20. Defendants utilize online marketplace platforms and foreign financial accounts, including payment services such as PayPal, Alipay, and other third-party processors, to receive and rapidly transfer funds outside the United States. Such practices enable Defendants to hide assets, making it difficult, if not impossible, for Plaintiff to obtain monetary relief absent immediate injunctive relief.

21. Defendants' conduct has caused, and will continue to cause, irreparable harm to Plaintiff, including loss of control over their copyrighted works, loss of consumer goodwill, and loss of ability to license and control the quality of products bearing its designs.

22. To prevent Defendants from concealing or transferring assets beyond this Court's reach upon receiving notice of this action, Plaintiff seeks leave to file Schedule A to this Complaint under seal and will seek immediate temporary restraining order relief, including an asset restraint and expedited discovery.

## COUNT I
## COPYRIGHT INFRINGEMENT

23. Plaintiff repeats and incorporates by reference the allegations contained in the above paragraphs as though fully set forth herein.

24. The Boot Flower Works are original works of authorship and constitute copyrightable subject matter under 17 U.S.C. § 101 et seq.

25. At all relevant times, Plaintiff has held and asserted exclusive rights in the Boot Flower Works, including but not limited to the right to reproduce and distribute the works pursuant to the Copyright Act. Each work is the subject of a valid copyright registration issued by the Register of Copyrights.

26. Defendants, without authorization from Plaintiff, have offered for sale, and sold products embodying copies and/or derivative works of the Boot Flower Works. Defendants' acts constitute copyright infringement in violation of 17 U.S.C. § 501 et seq. Defendants' infringement is willful, intentional, and undertaken with knowledge of Plaintiff's rights.

27. As a result of Defendants' infringement, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, including statutory damages or actual damages and Defendants' profits attributable to the infringement, and Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. § 505.

28. Defendants' conduct has caused and will continue to cause irreparable injury to Plaintiff that cannot be fully compensated by monetary damages. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting further infringement and requiring Defendants to destroy all unauthorized copies and infringing articles.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained, including through a temporary restraining order, from:

   a. Using, reproducing, copying, displaying, advertising, marketing, offering for sale, or selling any products embodying or derived from the Boot Flower Works;

   b. Manufacturing, importing, reproducing, distributing, advertising, promoting, selling, or offering to sell any unauthorized copies or derivative works of the Boot Flower Works;

    c. Further infringing the Boot Flower Works in any manner;

    d. Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or disposing of products not authorized by Plaintiff and that embody or derive from the Boot Flower Works;

    e. Using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores or any other online marketplace accounts used to infringe the Boot Flower Works;

    f. Transferring, withdrawing, or otherwise disposing of assets, including profits attributable to the sale of unauthorized products, held by third-party payment processors, pending further order of this Court.

2) For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in the Boot Flower Works pursuant to 17 U.S.C. § 501; and b) otherwise harmed Plaintiff's ability to control and license its copyrighted works;

3) For an accounting and disgorgement of Defendants' profits attributable to their infringement of the Boot Flower Works pursuant to 17 U.S.C. § 504(b);

4) For an award of actual damages or statutory damages pursuant to 17 U.S.C. § 504, at Plaintiff's election, in an amount to be determined at trial;

5) That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

6) For an order authorizing expedited discovery to identify Defendants and financial accounts, and for such further relief as the Court deems just and proper.

DATED: December 9, 2025                                  Respectfully submitted,

                                                                          */s/ Qin Zhuang*

Qin Zhuang
Building 2, Unit 1, Room 507
5 Chaoyang Road, Chaoyang
Beijing, PRC 100022
0086-155-1009-0593
zhuangqin@yuntinglaw.com
**Counsel for Plaintiff**